16-2018-CA-008730-XXXX-MA

Filing # 82348250 E-Filed 12/19/2018 01:11:31 PM

| | |
|---|---|
| BARBARA FELDMAN and<br>EDWARD FELDMAN, her husband,<br><br>Plaintiffs,<br><br>v.<br><br>TARGET CORPORATION, a Foreign corporation,<br><br>Defendant. | IN THE CIRCUIT COURT OF THE<br>FOURTH JUDICIAL CIRCUIT IN AND<br>FOR DUVAL COUNTY, FLORIDA<br><br>CASE NO.: 2018-CA-8730<br>DIVISION: CV-CE<br>DATE: 1-18-2019<br>HOUR: 11(6pm<br>DEPUTY SHERIFF: |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, Barbara Feldman and Edward Feldman, her husband, sue Defendant, Target Corporation, a Foreign corporation ("Target"), and alleges:

### THE PARTIES

1. At all material times, Plaintiffs, Barbara Feldman and Edward Feldman were residents of Duval County, Florida.

2. At all material times, Target, owned, operated, conducted, engaged in and carried on the retail sales business at Target, 9041 Southside Boulevard, Jacksonville, Duval County, Florida ("Target Store").

### JURISDICTION AND VENUE

3. This is an action for damages exceeding $15,000.00, exclusive of attorney's fees and costs.

4. This Court has jurisdiction over this matter pursuant to §26.012, Fla. Stat.

5. Target is subject to the jurisdiction of this Court by engaging in public business activities in the State of Florida and by being registered as a corporation in the State of Florida.

6. Venue is proper in this Court because the cause of action set forth in this complaint arose in Duval County, Florida.

{BBA Firm Docs/1743/180276/00722385.DOC:2 }

733775

## GENERAL ALLEGATIONS

7. Plaintiff, Barbara Feldman, a Florida citizen and resident, was a customer at the Target Store on or about April 16, 2018.

8. Plaintiff, Barbara Feldman, a Florida citizen and resident, was an invitee at the Target Store on or about April 16, 2018.

9. While shopping in the Target Store, Barbara Feldman tripped on a protruding end cap of an aisle, causing the Plaintiff, Barbara Feldman to fall and sustain injuries.

## COUNT I
## NEGLIGENCE BY TARGET

10. Plaintiff, Barbara Feldman, realleges and incorporates the allegations in Paragraphs 1 through 9.

11. Target, through its employees and/or agents, owed the Plaintiff, Barbara Feldman, the following duties:

   a. design the premises of the Target Store in a reasonably safe manner;

   b. maintain the premises of the Target Store in a reasonably safe condition;

   c. conduct a reasonable inspection of the premises of the Target Store;

   d. warn its customers, including Plaintiff, Barbara Feldman of any dangers of which Target knew of or which Target should have known;

   e. warn its invitees, including Plaintiff, Barbara Feldman of any dangers of which Target knew of or which Target should have known;

   f. correct any unreasonably dangerous conditions on its premises of the Target Store;

   g. reasonably hire, train, retain and/or supervise its employees and/or agents; and

   h. have a reasonable mode of operation for its business.

12.  Target, through its employees and/or agents, breached one or more of its duties owed to the Plaintiff, Barbara Feldman, by:

   a. allowing other people in the Target Store to walk around, while knowing, or while they should have known, that a dangerous condition existed at the bottom shelves of end caps of the aisles protruded in such a way that it caused a trip hazard and dangerous condition in the Target Store;

   b. failing to maintain the premises of the Target Store in a reasonably safe condition;

   c. allowing the dangerous condition to exist in the common areas of the Target Store where customers were known to be walking;

   d. allowing the dangerous condition to exist in the common areas of the Target Store where invitees were known to be walking;

   e. failing to make a reasonable inspection of the end cap shelves to discover it was excessively protruding at the end of the isle causing a trip hazard and dangerous condition;

   f. failing to warn its customers, including the Plaintiff, Barbara Feldman of any dangers of which Target knew or should have known, including, but not limited to the trip hazard and dangerous condition caused by the end cap shelves, which were excessively protruding at the end of the isles;

   g. failing to warn its invitees, including the Plaintiff, of any dangers of which the Target knew or should have known, including, but not limited to the trip hazard and dangerous condition caused by the end cap shelves, which were excessively protruding at the end of the isles;

    h. failing to correct the unreasonably dangerous condition in the common area of the Target Store; and

    i. failing to reasonably hire, train, retain and/or supervise its employees and/or agents, so that its employees and/or agents would not fail to warn about unreasonably dangerous conditions that exist in the common areas of the Target Store.

13. Target knew, or in the exercise of reasonable care should have known, that its breaches of one or more of its duties would cause injuries to customers, including the Plaintiff, Barbara Feldman.

14. Target knew, or in the exercise of reasonable care should have known, that its breaches of one or more of its duties would cause injuries to invitees, including the Plaintiff, Barbara Feldman.

15. As a direct and proximate result of the negligence of Target, including through its employees and/or agents, the Plaintiff, Barbara Feldman, has suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity to enjoy life, expense of hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition. The injuries and losses are either permanent or continuing in nature and the Plaintiff, Barbara Feldman, will suffer such injuries, losses and impairments in the future.

WHEREFORE, the Plaintiff, Barbara Feldman, demands judgment for damages against Target, including pre-judgment interest, court costs, and such further and general relief as the Court deems just.

## COUNT II - HUSBAND'S LOSS OF CONSORTIUM

16. This is an action by Plaintiff, Edward Feldman for negligence against Target and his loss of consortium.

17. Plaintiff, Edward Feldman re-alleges and incorporates the allegations in Paragraphs 1 through 15.

18. Due to the injuries to Plaintiff, Barbara Feldman resulting from Target's negligence, her husband Edward Feldman has suffered the loss of Barbara Feldman's support, services, comfort, society and attentions.

WHEREFORE, Plaintiff, Edward Feldman, demands judgment for damages against Target, including pre-judgment interest, court costs, and such further and general relief as the Court deems just.

## NOTICE OF COMPLIANCE WITH ADMINISTRATIVE ORDER NO. 98-10

19. Plaintiffs hereby give notice to the Court, the parties, counsel of record and all other interested persons of its compliance with Fourth Judicial Circuit First Amended Administrative Order No. 98-10. Plaintiff has attached hereto as Exhibit "A" a copy of First Amended Administrative Order No. 98-10, along with a Statement of Professionalism.

(This section intentionally left blank)

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury for all issues so triable in this case.

Dated this 19th day of December, 2018.

ANSBACHER LAW

*/s/ Davarian T. Rousseau*
Barry B. Ansbacher
Florida Bar No. 0792901
Davarian T. Rousseau
Florida Bar No.: 1010848
8818 Goodbys Executive Drive, Suite 100
Jacksonville, Florida 32217-4692
904.737.4600 Voice
904.254.4409 Fax
**Attorney for Plaintiff**

**Email Addresses Designated for service
Pursuant to Fla. R. Jud. Admin 2.516:**
Primary:    barry.ansbacher@ansbacher.net
            teresa.gipson@ansbacher.net
            Alawpleadings@gmail.com
Primary:    davarian.rousseau@ansbacher.net
            debra.mckale@ansbacher.net
            lisa.knight@ansbacher.net