United States District Court
Middle District of Florida
Jacksonville Division

**BARBARA FELDMAN AND EDWARD FELDMAN,**

    *Plaintiffs,*

V.                                                           **NO. 3:19-CV-419-J-34PDB**

**TARGET CORPORATION,**

    *Defendant.*

# Order

Barbara Feldman alleges she tripped on a protruding end cap of an aisle in a Target store and injured herself. Doc. 3 ¶ 9. She and her husband claim Target was negligent. Doc. 3 ¶¶ 10–18. Pending is their motion to compel Target to produce a surveillance video before her deposition, Docs. 7, 24, and Target's response in opposition, Doc. 28.

A court has broad discretion to decide the sequence of discovery. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 595 n.13 (2007). In the exercise of that discretion, courts vary in their answer to the question presented by the Feldmans' motion: video first, or deposition first? *Compare, e.g., Muzaffarr v. Ross Dress for Less, Inc.*, 941 F. Supp. 2d 1373, 1375 (S.D. Fla. 2013) (video first), *with Parks v. NCL (Bahamas) Ltd.*, 285 F.R.D. 674, 675 (S.D. Fla. 2012) (deposition first).

For the persuasive reasons in *Parks*, 285 F.R.D. at 675, adopted by this Court in a slip-and-fall case against Target, *see Autumn Strand v. Target Corp.*, 3:15-cv-

1453-J-39JBT, Doc. 13 at 2–3 (M.D. Fla. June 1, 2016) (unpublished), the Court **denies** the motion, Doc. 7. Target may wait until after Mrs. Feldman's deposition to produce the video.

**Ordered** in Jacksonville, Florida, on July 18, 2019.

*PATRICIA D. BARKSDALE*
*United States Magistrate Judge*

c: Counsel of record