United States District Court
Middle District of Florida
Jacksonville Division

**BARBARA FELDMAN AND EDWARD FELDMAN,**

    *Plaintiffs,*

v.                                                                    **NO. 3:19-CV-419-J-34PDB**

**TARGET CORPORATION,**

    *Defendant.*

---

# Order

    Barbara Feldman alleges she tripped in a Target store and injured herself. Doc. 3 ¶ 9. She and her husband claim Target was negligent. Doc. 3 ¶¶ 10–18. Target claims she was negligent. Doc. 4 at 1. Earlier, the Court denied the Feldmans' motion to compel Target to produce a surveillance video before her deposition, ruling Target may wait until after her deposition. Doc. 29.

    Now, through a second motion to compel, Doc. 31, and a motion for an extension of time to provide a statement under Federal Rule of Civil Procedure 30(e)(1)(B), Doc. 37, the Feldmans return with a related question: production of the video immediately after the deposition, or production of the video immediately after the deadline to provide a Rule 30(e)(1)(B) statement?[1]

---

[1]The 14-day period for Target to respond to the motion for an extension of time, Doc. 37, has not passed, but the Court finds a response unnecessary considering that Target has already presented arguments on the same subject, Docs. 28, 33, and further considering the interest of the parties and the Court in the speedy and inexpensive resolution of the matter. *See* Fed. R. Civ. P. 1.

The reasoning and intent underlying the earlier order unquestionably dictate the latter.² The Feldmans provide no compelling reason to rule otherwise. Through their motion for an extension of time, they essentially request reconsideration of the earlier order, which the Court stands by. The motions, Docs. 31, 37, are **denied**.

Mrs. Feldman must provide any Rule 30(e)(1)(B) statement by **October 11, 2019**. Target must produce the video by **October 12, 2019**. This schedule provides ample time for the Feldmans and their counsel to prepare for the November 22, 2019, mediation and satisfy the deadlines in the case management and scheduling order, Doc. 18, a point arguably conceded in the motion for an extension of time, which says nothing about extending those deadlines.

If a court denies a motion to compel, the court must require the movant or the movant's lawyer to pay the opposing party reasonable expenses incurred in opposing the motion, including attorney's fees, unless "the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). The absence of clarity in the earlier order render the motion to compel substantially justified or the award of expenses unjust. Thus, the Court will decline to award Target expenses incurred in opposing the motion to compel, Doc. 31.

**Ordered** in Jacksonville, Florida, on October 7, 2019.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c: Counsel of record

---

²Another reason to deny the motion to compel, Doc. 31, may be the apparent absence of a robust conference under Local Rule 3.01(g), which requires a substantive discussion, *see* Civil Discovery Handbook § I.A.2, though the motion for an extension of time, Doc. 37, makes clear the parties would not have agreed on the subject no matter how robust the conference.