## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

BARBARA FELDMAN and
EDWARD FELDMAN, her husband,

      Plaintiffs,

vs.                           Case No. 3:19-cv-419-MMH-PDB

TARGET CORPORATION,
a Foreign Profit Corporation,

      Defendant.

_____/

### O R D E R

**THIS CAUSE** is before the Court on Defendant Target Corporation's

("Target") Motion for Summary Judgment (Doc. 50; "Motion for Summary

Judgment"), filed on April 17, 2020, and Motion to Strike Testimony of Traci

Campbell (Doc. 51; "Motion to Strike"), filed the same day (together, "Motions").

On May 1, 2020, Plaintiff Barbara Feldman[1] ("Feldman") filed a response to

each of these Motions. See Plaintiff's Response in Opposition to Defendant

Target Corporation's Motion for Summary Judgment and Accompanying

Memorandum of Law (Doc. 55); Plaintiff's Response in Opposition to Defendant

---

[1]     On February 13, 2020, the parties filed a stipulation of dismissal of the claim of
Plaintiff Edward Feldman. See Stipulation of Dismissal with Prejudice as to Claim of
Edward Feldman Only (Doc. 46). Accordingly, the Court dismissed with prejudice the
claim raised by Edward Feldman and directed the Clerk of the Court to terminate him
from the docket. See Order (Doc. 47). Thus, Barbara Feldman is the sole remaining
plaintiff in this action.

Target Corporation's Motion to Strike the Testimony of Traci Campbell and Accompanying Memorandum of Law (Doc. 56).  On March 22, 2021, the parties attended a hearing before the undersigned on both Motions.  <u>See</u> Order (Doc. 77); <u>see also</u> Minute Entry (Doc. 78; March 22 Hearing).  The record of the March 22 Hearing is incorporated by reference.  <u>See</u> Excerpt of Motion Hearing (Doc. 79; Hearing Transcript), filed on March 24, 2021.

At the March 22 Hearing, for the reasons stated in the record, the Court determined that Target's Motion for Summary Judgment is due to be granted in part as to the issue of Target's duty to warn Feldman of the presence of the corner guard, and denied in part as to the issue of Target's duty to maintain the premises in a reasonably safe condition.  <u>See</u> Hearing Transcript at 2–11.

Additionally, during the March 22 Hearing, the Court determined that Target's Motion to Strike is due to be granted in part and denied in part.  While the Court determined that Ms. Traci Campbell's proffered opinions are admissible for the most part, several are inadmissible under Rule 702, Federal Rules of Evidence, and <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 579 U.S. 509 (1993) and its progeny.  <u>See</u> Hearing Transcript at 16:6–17:15.  Specifically, the Court concluded that Ms. Campbell may not testify as to the following

opinions:[2] (1) "[a]t the time just prior to this incident, Ms. Feldman was shopping in a manner that was appropriate, foreseeable, and not negligent;" (4) "[j]ust prior to the incident, Ms. Feldman is engaged in shopping for merchandise and is looking ahead at the goods on the aisle in front of her. This is expected and foreseeable on the part of an active shopper;" and (8) "[t]he metal guards are located at floor height and not at a height that is easily seen by shoppers as they are looking at merchandise on the shelves in front of them." See id.; see also Preliminary Report at 70–71.

The Court reserved decision on the admissibility of numbers seven and ten of Ms. Campbell's opinions pending entry of this Order: i.e., her opinions that (7) "[t]he metal guard's protrusion into the available pedestrian walkway is an inherently dangerous and foreseeably hazardous trip hazard," and (10) "[a]ll of these factors, including the presence of the floor level metal corner guards, contributed to a foreseeably hazardous and unreasonably dangerous environment for Target's shoppers, including Ms. Feldman, and negatively impacted Ms. Feldman's ability to successfully walk through the subject aisles and around the subject endcap." See Minute Entry (Doc. 78); see also Hearing Transcript at 17:19–24.

---

[2]   For clarity, the Court will refer to the numbering of Ms. Campbell's opinions as set forth in her Preliminary Report of Findings (Doc. 57-1, at 62–71; Preliminary Report) (list of ten total opinions at 70–71).

Upon consideration, the Court determines that portions of these two opinions constitute inadmissible legal conclusions. Rule 704 provides that "[a]n opinion is not objectionable just because it embraces an ultimate issue." However, "courts must remain vigilant against the admission of legal conclusions, and an expert witness may not substitute for the court in charging the jury regarding applicable law." See United States v. Milton, 555 F.2d 1198, 1203 (5th Cir. 1977);[3] Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cnty., Fla., 402 F.3d 1092, 1112 n. 8 (11th Cir. 2005) (noting that "testifying experts may not offer legal conclusions . . ."). As such, courts have excluded expert testimony that employs terminology with legal import, such as negligence. See Emp'rs Ins. of Wausau v. Latex Contr. Co., No. 1:01-CV-1909-BBM, 2003 WL 26087498, at *8 (N.D. Ga. Sept. 2, 2003) (excluding portions of expert's testimony which relate to "negligence"); Andrews v. Metro N. Commuter R.R. Co., 882 F.2d 705, 709 (2d Cir.1989) (holding that trial court should have excluded expert's testimony that the defendant was negligent); Schober v. Maritz Inc., No. 07–CV–11922, 2008 WL 544948, at *3 (E.D. Mich. Feb. 26, 2008) ("Further, [the expert's] opinion that Defendant was 'negligent' amounts to a legal conclusion, and is therefore particularly problematic."); In re Rezulin

---

[3]     In Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Prods. Liab. Litig., 309 F. Supp. 2d 531, 541, 547 (S.D.N.Y.2004) ("[The expert's] opinion that [defendant's] conduct with respect to clinical trial data potentially constituted 'negligence' or 'something more serious' is excluded for the additional reason that it impermissibly embraces a legal conclusion." (internal footnote omitted)); see also Haney v. Mizell Mem'l Hosp., 744 F.2d 1467, 1473–74 (11th Cir.1984).  Similarly, courts have excluded expert testimony amounting to conclusions whether conduct was reasonable or whether harm was foreseeable, when such testimony embraces the legal definition of the terms. See In re C. R. Bard, Inc., Pelvic Repair Sys. Prod. Liab. Litig., No. MDL 2187, 2018 WL 4212409, at *3 (S.D.W. Va. Sept. 4, 2018) (concluding, in a products liability action, that an expert's opinions that "the omission of instructions or warnings . . . rendered the [ ] device not reasonably safe," and his opinion that the design of the device was "unreasonably dangerous and defective" both constituted inadmissible legal conclusions); Jordan v. Celebrity Cruises, Inc., No. 1:17-20773-CIV, 2018 WL 3584702, at *5 (S.D. Fla. July 25, 2018) (excluding, in a slip and fall negligence case, an expert's opinion concerning the foreseeability of the alleged negligent conduct), report and recommendation adopted, No. 17-20773-CIV, 2018 WL 4776336 (S.D. Fla. Sept. 21, 2018).  As the Sixth Circuit explained in Torres v. Cnty. of Oakland, 758 F.2d 147 (6th Cir. 1985), "[t]he problem with testimony containing a legal conclusion is in conveying the witness' unexpressed, and perhaps erroneous, legal standards to

the jury. This 'invade[s] the province of the court to determine the applicable law and to instruct the jury as to that law.'" <u>Torres</u>, 758 F.2d at 150 (quoting <u>F.A.A. v. Landy</u>, 705 F.2d 624, 632 (2d Cir.1983)) (alteration in original). The Sixth Circuit offered guidance that "[t]he best resolution of this type of problem is to determine whether the terms used by the witness have a separate, distinct and specialized meaning in the law different from that present in the vernacular. If they do, exclusion is appropriate." <u>Id.</u> at 151.

However, the mere reference to a term with legal significance in an expert opinion does not necessarily transform the opinion into an inadmissible legal conclusion. <u>See</u> <u>Dudash v. S.-Owners Ins. Co.</u>, No. 8:16-CV-290-T-27AEP, 2017 WL 1969671, at *2 (M.D. Fla. May 12, 2017) (citing <u>Camacho v. Nationwide Mut. Ins. Co.</u>, 13 F. Supp. 3d 1343, 1367 (N.D. Ga. 2014)). Therefore, the pertinent inquiry is whether Ms. Campbell's opinions are admissible factual opinions, or whether they are inadmissible on the grounds that they represent her conclusions as to determinative questions of law in this action. <u>See</u> <u>Commodores Ent. Corp. v. McClary</u>, 879 F.3d 1114, 1128-29 (11th Cir. 2018) (describing the inadmissibility of expert testimony amounting to legal conclusions and instructing district courts to "take 'adequate steps to protect against the danger that [an] expert's opinion would be accepted as a legal conclusion.'") (quoting <u>United States v. Herring</u>, 955 F.2d 703, 709 (11th Cir. 1992)); <u>see also</u> <u>Pacinelli v. Carnival Corp.</u>, No. 18-22731-CIV, 2019 WL

3252133, at *6 (S.D. Fla. July 19, 2019) (contrasting admissible factual expert opinions from inadmissible legal conclusions).

Based on the foregoing authority, the Court will exclude the portions of Ms. Campbell's opinions seven and ten to the extent she would opine that the corner guard's protrusion into the pedestrian walkway was "foreseeably hazardous," and that the aisle walkway was a "foreseeably hazardous" environment for shoppers. See Preliminary Report at 70–71. This language has a specialized meaning in the law and Ms. Campbell's opinions in this regard appear to be nothing more than her conclusions regarding critical legal issues in this action, e.g., whether Target "should have anticipated that the dangerous condition would cause injury despite the fact that it was open and obvious." Brookie v. Winn-Dixie Stores, Inc., 213 So. 3d 1129, 1135 (Fla. 1st DCA 2017) (quoting Moultrie v. Consolidated Stores Int'l Corp., 764 So.2d 637, 640 (Fla. 1st DCA 2000)). Similarly, Ms. Campbell's opinion that the aisle in question was "unreasonably dangerous" amounts to her legal conclusion that Target acted negligently in this case. Thus, these portions of her opinions are inadmissible as they "do no more than offer expert opinion in the form of legal conclusions, and they risk[ ] confusing, prejudicing, or misdirecting the jury." See Commodores Ent. Corp., 879 F.3d at 1129. Further, in these opinions Ms. Campbell appears to be "merely telling the jury what result to reach[, which] is unhelpful and inappropriate," Jordan, 2018 WL 3584702, at *8.

However, the portion of Ms. Campbell's opinion number seven in which she concludes that the corner guard's protrusion into the pedestrian walkway was "inherently dangerous" is admissible as a factual opinion that does not impermissibly embrace a determinative legal issue.  The same goes for the portion of her tenth opinion to the effect that various conditions of the aisle walkway negatively impacted Feldman's ability to navigate the aisle.  Indeed, Ms. Campbell appears to base these opinions on, among other things, various building codes and standards used in the engineering field, rather than application of any legal standard.  See Affidavit of Traci K. Campbell, P.E. (Doc. 57-1, at 1–61), at 38.  Moreover, to the extent that these opinions incorporate terms with legal consequence, the opinions do not impermissibly instruct the jury how to decide the case or represent Ms. Campbell's conclusions as to the ultimate legal issues to be determined by the jury.  Commodores Ent. Corp., 879 F.3d at 1128-29.  Thus, although her testimony may bear on an ultimate issue in this action, her factual opinions, as limited, do not "invade the province of the court to determine the applicable law and to instruct the jury as to that law." Torres, 758 F.2d at 150 (internal citations and modifications omitted).

Altogether, the Court has determined that Ms. Campbell may not testify regarding her opinions numbered one, four, and eight, and may not testify as to listed portions of opinions numbered seven and ten.  See Preliminary Report at 70–71.  Otherwise, her testimony is admissible.

Accordingly, it is hereby

**ORDERED**:

1. Defendant Target Corporation's Motion for Summary Judgment (Doc. 50; Motion for Summary Judgment) is **GRANTED in part, and DENIED in part**:

    a. The Motion for Summary Judgment is **GRANTED** on the issue of Target's alleged duty to warn Feldman of a dangerous condition under Florida law.

    b. The Motion for Summary Judgment is **DENIED** on the issue of Target's alleged failure to maintain the premises in a reasonably safe condition under Florida law.

2. Defendant Target Corporation's Motion to Strike Testimony of Traci Campbell (Doc. 51; Motion to Strike) is **GRANTED in part, and DENIED in part**:

    a. The Motion to Strike is **GRANTED** to the extent that the Court will not permit Ms. Campbell to testify as to the opinions specified herein and as stated in the record of the March 22 Hearing.

    b. The Motion to Strike is **DENIED** in all other respects.

3. No later than April 21, 2021, the parties will jointly file a notice whether they will consent to having the Magistrate Judge try this case

(a consent form is attached) and whether the Court should send the case back to mediation or ask a Magistrate Judge to conduct a settlement conference.

**DONE AND ORDERED** in Jacksonville, Florida on March 29, 2021.



TIMOTHY J. CORRIGAN
United States District Judge

lc27
Attachment: Consent Form
Copies to:
Counsel of Record